**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DENISE ROSE, SCOTT RAITT,
SALVADOR ABEYTA, and LEA REIS,
on behalf of themselves and all
persons similarly situated,
          *Plaintiffs-Appellants,*

v.

CHASE BANK USA, N.A.,
          *Defendant-Appellee.*

No. 05-56850

D.C. No.
CV-05-0754-JVS

OPINION

Appeal from the United States District Court
For the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
August 8, 2007—Pasadena, California

Filed January 23, 2008

Before: Alex Kozinski, Chief Judge, Johnnie B. Rawlinson,
Circuit Judge, and Harold Baer, Jr.,* Senior District Judge.

Opinion by Judge Baer

---

*The Honorable Harold Baer, Jr., Senior United States District Judge
for the Southern District of New York, sitting by designation.

**COUNSEL**

Jeffrey Wilens, Lakeshore Law Center, Yorba Linda, California, for the plaintiffs-appellants.

Laurence J. Hutt, Howard N. Cayne, Nancy L. Perkins, Arnold & Porter, Los Angeles, California, for the defendant-appellee.

**OPINION**

BAER, Senior District Judge:

Plaintiffs-Appellants Denise Rose, Scott Raitt, Salvador Abeyta, and Lea Reis ("Plaintiffs"), ostensibly on behalf of themselves and all others similarly situated, appeal the district court's grant of judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to Defendant Chase Bank USA, N.A. ("Chase" or "Defendant") on all claims.[1]

We affirm the district court's grant of judgment on the pleadings on all claims.

## I.  BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and are taken as true for the purpose of reviewing a motion for judgment on the pleadings. *See Torbet*

---

[1]Defendant Chase Bank USA, N.A. was formerly known as Chase Manhattan Bank USA, N.A., under which name Defendant was originally sued.

*v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002) ("Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.").

Plaintiffs, all California residents, brought this action on behalf of an ostensible class of California holders of credit cards issued by Chase. Chase, at various points after June 13, 2001, extended credit to its credit card holders by mailing them a preprinted check or draft, more commonly known as a "convenience check." The "convenience checks" were (and are) commonly attached to a letter or invitation from the bank, and perforated so that they can be torn off and used. That convenience check, if torn off and cashed, resulted in a charge against the user's credit card account, as well as associated finance charges or transaction fees. Plaintiffs cashed those convenience checks and incurred those charges or fees.

Cal. Civ. Code § 1748.9, which became operative on July 1, 2000, provides in full:

> **(a)** A credit card issuer that extends credit to a cardholder through the use of a preprinted check or draft shall disclose on the front of an attachment that is affixed by perforation or other means to the preprinted check or draft, in clear and conspicuous language, all of the following information:
>
> **(1)** That "use of the attached check or draft will constitute a charge against your credit account."
>
> **(2)** The annual percentage rate and the calculation of finance charges, as required by Section 226.16 of Regulation Z of the Code of Federal Regulations, associated with the use of the attached check or draft.

**(3)** Whether the finance charges are triggered immediately upon the use of the check or draft.

According to Plaintiffs, when Chase mailed its credit card holders a convenience check, Chase did not include or attach language pursuant to Cal. Civ. Code § 1748.9(a)(1) that "use of the attached check . . . will constitute a charge against [Plaintiff's] credit account." Chase also did not disclose, pursuant to § 1748.9(a)(3), whether the finance charges would be triggered immediately upon the use of the check. *Id.*

Plaintiffs accordingly brought three causes of action against Chase. Plaintiffs' first claim is that Chase violated California's Unfair Competition Law ("UCL"), *see* Cal. Bus. & Prof. Code § 17200 *et seq.*, by committing an "unlawful" business practice, owing to Chase's alleged violations of Cal. Civ. Code § 1748.9(a)(1) and (a)(3) when it failed to make the pursuant disclosures. Plaintiffs' second claim is that Chase violated California's UCL by committing a "fraudulent" business practice, or engaging in "deceptive or misleading advertising" when it failed to make those disclosures (regardless of whether Chase's actions violated Cal. Civ. Code § 1748.9). Plaintiffs' third claim is that Chase violated California's UCL by committing an "unfair" business practice when it failed to make those disclosures (again, regardless of whether its actions violated Cal. Civ. Code § 1748.9).

After removing the case to federal court, Chase moved for judgment on the pleadings on all three of Plaintiffs' claims. Chase argued that the National Bank Act ("NBA"), 12 U.S.C. § 21 *et seq.*, as well as regulations promulgated thereunder by the federal Office of the Comptroller of the Currency ("OCC"), *see* 12 CFR § 7.4008, preempt the California laws upon which Plaintiffs based their three claims.

The National Bank Act provides, in relevant part, that nationally chartered banks may exercise "all such incidental

powers as shall be necessary to carry on the business of banking [such as] . . . by loaning money on personal security." 12 U.S.C. § 24 (Seventh).

The OCC regulations at issue here, effective February 12, 2004,[2] further provide that "[a] national bank may make, sell, purchase, participate in, or otherwise deal in loans and interests in loans that are not secured by liens on, or interests in, real estate, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any other applicable Federal law." 12 CFR § 7.4008(a).

Further, with regard to the applicability of state law, the OCC regulations provide in relevant part:

> (d) Applicability of state law.
>
>> (1) Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized non-real estate lending powers are not applicable to national banks.
>>
>> (2) A national bank may make non-real estate loans without regard to state law limitations concerning . . .
>>
>>> (viii) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents . . .

---

[2] *See* 69 Fed. Reg. 1904 (2004).

12 CFR § 7.4008(d).

The district court, finding that the NBA and the OCC regulations preempted Plaintiffs' claims, granted Chase's motion for judgment on the pleadings in its entirety and entered judgment on November 3, 2005. *See Rose v. Chase Manhattan Bank USA, N.A.*, 396 F. Supp. 2d 1116 (C.D. Cal. Oct. 27, 2005); ER 110-113 (district court's judgment). Plaintiffs timely appealed.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* an order granting a motion for judgment on the pleadings. *See Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* Concomitantly, this Circuit reviews *de novo* a district court's decision that state claims are preempted by federal law. *See Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 877 n.12 (9th Cir. 2006).

## III.   DISCUSSION

Plaintiffs primarily advance three contentions on appeal. First, Plaintiffs contend that the NBA does not preempt Cal. Civ. Code § 1748.9, and accordingly, because Defendants have violated Cal. Civ. Code § 1748.9 and thus committed an "unlawful" business practice within the meaning of California's UCL, Plaintiffs' first claim survives. Secondly, Plaintiffs contend that the OCC regulations do not alternatively and concurrently preempt Cal. Civ. Code § 1748.9, and thus Plaintiffs' first claim still survives. Third, Plaintiffs contend that even if Plaintiffs' first claim that alleges "unlawful" business practices is preempted, Plaintiffs' second and third claims that allege "fraudulent" and "unfair" business prac-

tices, respectively (without explicit reliance on Cal. Civ. Code § 1748.9) are not preempted.

Plaintiffs' contentions, addressed below *seriatim*, are rejected.

### A. *NBA Preemption of Cal. Civ. Code § 1748.9*

**[1]** "Nearly two hundred years ago . . . [the Supreme] Court held federal law supreme over state law with respect to national banking." *Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559, 1566 (2007) (citing *McCulloch v. Maryland*, 17 U.S. 316 (1819)). "In 1864, Congress enacted the NBA, establishing the system of national banking still in place today." *Id.* (citations omitted). The Act vested in nationally chartered banks enumerated powers and "all such incidental powers as shall be necessary to carry on the business of banking." *Id.* (citing 12 U.S.C. § 24 (Seventh)). Those incidental powers include the power to "loan money on personal security," which is at issue in the instant case. *See* 12 U.S.C. § 24 (Seventh); *see also Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949, 959 n.13 (9th Cir. 2005).

**[2]** The Supreme Court has interpreted grants of "powers" to national banks as "grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law."[3] *Watters*, 127 S. Ct. at 1567 (citing *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 32 (1996)); *accord Boutris*, 419 F.3d at 956 (citing *Bank of Am. v. City of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002)). Accordingly, "the usual presumption against federal preemption of state law is inapplicable to federal banking regulation." *Boutris*, 419 F.3d at 956 (citing *Bank of Am.*, 309 F.3d at 558-59); *see also Barnett Bank*, 517 U.S. at 32.

---

[3]If Congress enacts a federal statute with the intent to exercise its constitutionally delegated authority to set aside the laws of a state, the Supremacy Clause requires courts to follow federal, not state, law. *See Barnett Bank*, 517 U.S. at 30 (citing U.S. Const. art. VI, cl.2).

**[3]** "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA." *Watters*, 127 S. Ct. at 1567 (citing *Atherton* v. *FDIC*, 519 U.S. 222, 223 (1997); *Davis* v. *Elmira Sav. Bank*, 161 U.S. 275, 290 (1896)); *see also Bank of Am.*, 309 F.3d at 558-59. "However, 'the States can exercise no control over [national banks], nor in any wise affect their operation, except in so far as Congress may see proper to permit. Any thing beyond this is an abuse, because it is the usurpation of power which a single State cannot give.' " *Watters*, 127 S. Ct. at 1567 (quoting *Farmers' and Mechanics' Nat'l Bank* v. *Dearing*, 91 U.S. 29, 34 (1875)). "States are permitted to regulate the activities of national banks where doing so does not prevent or significantly interfere with the national bank's or the national bank regulator's exercise of its powers. But when state prescriptions significantly impair the exercise of authority, enumerated or incidental under the NBA, the State's regulations must give way." *Id.* (citing *Franklin Nat'l Bank of Franklin Square* v. *New York*, 347 U.S. 373, 377-79 (1954); *Barnett Bank*, 517 U.S. at 32-34); *see also Boutris*, 419 F.3d at 963 (citing *Bank of Am.*, 309 F.3d at 559).

**[4]** Accordingly, following Supreme Court precedent, we have held that "normally Congress would not want States to forbid, or to impair significantly, the exercise of a power that Congress explicitly granted." *Bank of Am.*, 309 F.3d at 561 (citing *Barnett Bank*, 517 U.S. at 33). Congress, when it enacted the NBA, explicitly granted such a power here. The NBA specifically enumerates, without limitation, as one "incidental power" of a national bank the power to "loan money on personal security." *See* 12 U.S.C. § 24 (Seventh); *see also Boutris*, 419 F.3d at 959 n.13. That power to "loan money on personal security" is the power pursuant to which Chase here extends credit to its cardholders via convenience checks. Where, as here, Congress has explicitly granted a power to a national bank without any indication that Congress intended for that power to be subject to local restriction, Congress is

presumed to have intended to preempt state laws such as Cal Civ. Code § 1748.9. *See Barnett Bank*, 517 U.S. at 33-35; *see also Franklin*, 347 U.S. at 378; *cf. Watters*, 127 S. Ct. at 1570 ("[I]n analyzing whether state law hampers the federally permitted activities of a national bank, we have focused on the exercise of a national bank's *powers*.") (emphasis in original).

**[5]** We are thus constrained by the holdings of *Barnett Bank* and *Franklin* to find that the NBA preempts the disclosure requirements of Cal. Civ. Code 1748.9, insofar as those requirements apply to national banks.[4] Accordingly, the district court correctly found that Plaintiffs' first claim under California's UCL must be dismissed, as Plaintiffs' first claim rests on the predicate that Chase's actions are "unlawful" under Cal. Civ. Code 1748.9.

B. *Plaintiffs' Second and Third UCL Claims*

**[6]** Plaintiffs alternatively contend that even if their first claim—that Chase committed "unlawful" business practices —fails because Cal. Civ. Code § 1748.9 is preempted, their second and third claims—that Chase committed "deceptive" or "unfair" business practices—survive because those claims are not predicated on a violation of § 1748.9. Regardless of the nature of the state law claim alleged, however, the proper inquiry is whether the "legal duty that is the predicate of" Plaintiffs' state law claim falls within the preemptive power of the NBA or regulations promulgated thereunder. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524 (1992). Here, from the face of Plaintiffs' complaint, the district court cor-

---

[4]Plaintiffs alternatively contended on appeal that we should remand to the district court for further discovery regarding the issue of whether the state law constitutes a "significant" impairment or interference with the purposes of the National Bank Act. Given the prior holdings of *Barnett Bank* and *Franklin*, however, it appears that no amount of discovery would change the central holding that Congress intended for the NBA to preempt state restrictions on national banks such as Cal. Civ. Code § 1748.9 here.

rectly found that Defendants' alleged legal duties that underlie Plaintiffs' UCL claims for "deceptive" or "unfair" business practices are the same purported duties to disclose imposed by Cal. Civ. Code § 1748.9, and that are preempted by the NBA and OCC regulations. *See Rose v. Chase Manhattan Bank USA, N.A.*, 396 F. Supp. 2d at 1123. Accordingly, the district court correctly dismissed Plaintiffs' second and third claims.

## IV. CONCLUSION

The district court's grant of judgment on the pleadings to Defendant on all claims is AFFIRMED.